**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HONG T. VUONG,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0353-13-0525-I-2

DATE: December 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Zepuor Parsanian, Tujunga, California, for the appellant.

Nina Paul, Esquire, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, a Mail Processing Clerk, suffered a work-related injury on July 21, 2011, and the Office of Workers' Compensation Programs (OWCP) accepted her claim of injury on September 29, 2011. Initial Appeal File (IAF), Tab 3 at 97. "Duty Status Reports" were submitted regarding the appellant's medical condition and work restrictions on July 27, and December 12, 2011. *Id.* at 103, 95. The agency conducted searches in the appellant's local commuting area for available work within the appellant's medical restrictions on November 21, and December 16, 2011, which did not disclose available work within the appellant's medical restrictions. *Id.* at 96, 40. On January 26, 2012, the agency issued the appellant an "Employee Leave Information Letter, Complete Day," which advised her that it had no work within her medical restrictions and sent her home. *Id.* at 35. An April 9, 2012 medical report ordered by OWCP concluded that the appellant's current medical problems and restrictions related to *non*-work injuries she had sustained in 2006 and 2009, plus a longstanding condition of rheumatoid arthritis. *Id.* at 30. On October 1, 2012,

OWCP terminated the appellant's medical benefits and compensation for wage loss on the basis that any work restrictions were no longer related to work-related injury. *Id.* at 23. In December 2012, the appellant's physician wrote a letter indicating that the appellant still had significant work restrictions because of her medical condition, and an agency search found no suitable work available. *Id.* at 17, 13. On March 7, 2013, the appellant's physician wrote a new report indicating that the appellant could return to work with no medical restrictions, and the appellant was returned to work. *Id.* at 10; IAF, Tab 1 at 29, Tab 4 at 10.

¶3 In a lengthy initial decision, the administrative judge addressed three issues: (1) whether the agency arbitrarily and capriciously denied the appellant restoration as an employee who had partially recovered from a compensable injury during the period from January 26, 2012, to October 1, 2012; (2) whether the agency improperly denied the appellant restoration as an employee who has fully recovered from a compensable injury during the period between October 1, 2012, and March 7-8, 2013; and (3) whether the agency was guilty of disability discrimination in violation of the Rehabilitation Act. The administrative judge resolved each of these issues in the negative. IAF, Tab 20, Initial Decision (ID).

¶4 The appellant has filed a timely petition for review in which she makes several allegations of error. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a timely response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellant contests the administrative judge's finding that she failed to make a nonfrivolous allegation that the agency arbitrarily and capriciously denied her restoration rights as an employee who has partially recovered from a compensable injury. She contends, among other things, that she was working up

[2] The appellant has not challenged the administrative judge's finding that the agency did not commit disability discrimination against her, and we see no reason to question that finding.

until December 26, 2011, at tasks within her medical restrictions, similar to restrictions she had been working under in 2009 and 2010, and that she was on a "stand-by status" for an unspecified period thereafter. PFR File, Tab 1 at 2-4. The extent to which the appellant was working during the period prior to her being sent home on January 26, 2012, and the particular duties she was performing, are not documented in the record.[3] The administrative judge found that, although the agency provided the appellant with provisional assignments or placed her on "stand-by status" until OWCP approved her claim, the appellant failed to establish that any work provided constituted a limited duty assignment.[4] ID at 18.

¶6        Without knowing with specificity what duties the appellant was performing until she was sent home on January 26, 2012, and whether those duties continued to be performed by other employees after that date, we agree with the administrative judge's conclusion that the appellant failed to establish that such work constituted a limited duty assignment that the agency arbitrarily and capriciously terminated. *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 31 (2012). Nor has she introduced any evidence that the several job searches conducted by the agency after January 26, 2012, which found no available job duties within the appellant's medical restrictions, were incomplete or improper. Under these circumstances, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that the agency arbitrarily and capriciously denied her restoration as an employee who has partially recovered from a compensable injury.

[3] The agency moved to compel discovery from the appellant on this point. IAF, Tab 9 at 6-8. The appellant responded, IAF, Tab 11, and the administrative judge ruled that the matter was moot, IAF, Tab 14.

[4] The administrative judge further found that the appellant's medical restrictions deteriorated significantly after OWCP approved her claim. ID at 19. The appellant disputes this finding on review. PFR File, Tab 1 at 3-4. Whether the appellant's medical condition deteriorated significantly following OWCP's decision approving her claim does not alter the correct disposition of this appeal.

¶7        Regarding the appellant's contention that the administrative judge erred in finding that she failed to establish jurisdiction over a denial of restoration as an employee who has fully recovered from a compensable injury, the appellant alleged that the administrative judge ignored her documentary evidence regarding her alleged requests to return to work provided to her supervisor and the Injury Compensation Office. PFR File, Tab 1 at 2, 4-6. The administrative judge assumed, without finding, that the appellant nonfrivolously alleged that she timely requested priority consideration as a fully-recovered employee and was eligible under 5 C.F.R. § 353.301(b). ID at 26. This allegation of error is therefore without merit. The critical fact regarding any alleged failure to restore the appellant to work as a fully-recovered employee is that the agency did restore her to employment as soon as her physician said she was able to return to work without restrictions.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.